ALICE F. BENNETT v. EDWARD C. CHAPIN.

*Will—Construction——Restraints upon alienation——Administrator with the will annexed—Extent of powers.*

1. In this case it is held that the complainant is the only person interested in the land devised to her in the will sought to be construed, and that the condition in said will in restraint of alienation is void.

2. The following propositions are summarized from the opinion of Mr. Justice LONG, in which MORSE, J., concurred:

*a*—A clause in a will stating that the testatrix desires a sale of the realty devised if the executors named therein shall at any time find such a sale necessary, or for the best interest of the estate, implies a personal confidence and trust in the judgment and honesty of the parties named as executors, and she cannot be said to have intended to confer such discretionary power upon any one whom the probate court might appoint, should the persons named fail to qualify, or refuse the trust.

*b*—An administrator *de bonis non* with the will annexed does not execute the powers and duties which lie outside the ordinary scope of an executor's functions, unless, by the terms of the will, such authority is clearly granted. Schouler, Ex'rs, § 413; Redf. Wills, pt. 2, 90, 222; *Ingle v. Jones*, 9 Wall. 486.

*c*—The powers conferred upon an administrator with the will annexed by How. Stat. § 5844, are only such as can be exercised by the executor as such, and a personal power or trust which might be exercised or performed by an executor independently of his office will not pass by devolution to the administrator. *Conklin v. Egerton*, 21 Wend. 430; *Ross v. Barclay*, 18 Penn. St. 179; *Evans v. Chew*, 71 Id. 47.

*d*—When a bare power of sale is given to executors merely to sell lands for the purpose of paying over the proceeds to devisees whose right under the will thereto is absolute and vested, such devisees may collectively, before the exercise of the power of sale, elect to take the land instead of such proceeds, and thus prevent a sale.

*e*—It is true that many restrictions or qualifications upon the rights of devisees or grantees may be made effectual by making the sale itself dependent upon such conditions; but where the estate granted is absolute, such restrictions can impose no legal obligation upon the devisees, or limit their power over the estate, when the observance or violation of the restrictions can neither promote nor prejudice any interest but their own. *Mandlebaum v. McDonell*, 29 Mich. 87; *Hall v. Tufts*, 18 Pick. 459.

*f*—When a restriction in a conveyance of a vested estate in fee-simple, in possession or remainder, is against selling for a particular time, such a restriction is invalid. When a person is entitled absolutely to property, any provision postponing its transfer or payment to him is void.

3. Mr. Justice CHAMPLIN concurred with LONG, J., upon the ground that the will sought to be construed is void as contravening How. Stat. § 5531.

4. CAMPBELL, J., and SHERWOOD, C. J., concurred in the *result*, holding that, inasmuch as complainant is the only person

interested in the devised land, the other questions are not important.

Appeal from Ingham. (Peck, J.) Submitted on briefs October 11, 1889. Decided November 8, 1889.

Bill filed to obtain construction of a will. Complainant appeals. Decree dismissing bill set aside, and decree entered in accordance with opinion, in which the facts are stated.

*Frank E. Robson,* for complainant.

*Jay P. Lee,* for defendant.

LONG, J. The complainant, who is now about 31 years of age, is the only child and heir at law of Eliza J. Bennett, deceased, who departed this life in September, 1879, leaving a last will and testament. The main provisions of the will are as follows:

" I, Eliza J. Bennett, of the city of Lansing, county of Ingham, and State of Michigan, do make and publish this my last will and testament.

"*First,* I direct that my executors shall, during the minority of my daughter, Alice Florence, provide for her education, clothing, and maintenance in a suitable manner, and that they shall thereafter pay to her the sum of one thousand dollars per annum until she shall have attained the age of thirty-five years: *Provided,* That, in case she shall receive any funds from any other source at any time, my executors shall pay to her only such sum as may be necessary to make her total annual income one thousand dollars: *Provided, further,* That, if any portion of said yearly allowance shall not be expended within any one year, for the purposes aforesaid, the difference between the sum actually expended in such year and the sum of one thousand dollars shall in no case nor in any event be subject to the order or control of my said daughter, but any such sum shall be treated in the same manner as any other funds that may remain in the hands of my executor.

" *Second,* If the executors shall at any time find it neces- sary, or shall deem it for the best interest of my estate, to sell any of the realty, I desire sale to be made in the following order: First, my property at Grand Ledge, Michigan; second, lot No. ten (10), block sixty-six (66), in the city of Lansing; third, the south-east quarter of the south-east quarter of section thirty-six (36), in the township of De Witt, Michigan; fourth, lots two and three (2 & 3), of block sixty-seven (67), in the city of Lansing. And in no case shall said last-named lots be sold before my said daughter shall attain the age of 35 years, unless she shall become incompetent, from any cause, to earn a livelihood, and in no event for less than the sum of fifteen thousand dollars, by my executors.

" *Third,* My estate shall remain in the hands of my executors until my said daughter shall attain the age of thirty-five years, and whatever surplus there may be from year to year, after the payment of said thousand dollars, together with the taxes and other liabilities of said estate, shall be by them invested in first-mortgage securities on well-improved farming lands.

" *Fourth,* If my said daughter, Alice, shall live to attain the age of thirty-five years I direct that my executors shall then transfer to her absolutely my entire estate, both real and personal.

" *Fifth,* If my said daughter, Alice, shall die before attaining the age of thirty-five years, leaving no lawful issue, or, leaving lawful issue, such issue die, I give my entire estate to my well beloved husband, Jacob B. Ben- nett, if he survive her or her issue as aforesaid.

" *Sixth,* If my said daughter, Alice, shall die before attaining the age of thirty-five years, leaving lawful issue, such issue shall take said property at the time my said daughter should have taken it had she lived.

" *Seventh,* I do hereby constitute and appoint Jacob B. Bennett and Schuyler F. Seager, of the city of Lansing aforesaid, executors of this my last will and testament."

This will was duly executed on May 30, 1876. After- wards, and on July 19, 1879, the testatrix added the following codicil:

"1. I don't wish the property on Washington avenue

sold until such time as it will bring not less than one hundred dollars per foot front.

"2. It is my wish that my daughter, Alice, should have such preparation as would enable her in any reverses of fortune to support herself by her own exertions. I therefore direct my executors to set apart from my estate a sum sufficient to give her a thorough course of kindergarten training; the money necessary for that purpose to be by them realized from the sale of properties other than the Washington-avenue lots."

This will and codicil were duly proved and allowed in the probate court for Ingham county on December 5, 1881.

Jacob B. Bennett, one of the executors named in the will, is the father of the complainant, but he and Mr. Seager, the other executor, are now both deceased. At the time of the probate of the will both executors refused to accept the trust, and thereupon the complainant was appointed administratrix with the will annexed, accepted the trust, and gave the requisite bond. She continued to execute the trust until November 16, 1888, when she filed her resignation with her final account in the probate court, and was duly released and discharged, and the defendant, Edward C. Chapin, duly appointed administrator de bonis non with the will annexed, and now continues to execute the trust.

The complainant claims by her bill that up to about the month of September, 1884, she has heretofore been able to support herself by her own exertions, and by means derived from sources outside of said estate, and a small sum from said estate, to wit, the sum of $589.19, but that since said time, and for the year last past, she has been in ill health, and unable to earn her own support, and has been obliged at times to appeal to the kindness of friends for support and assistance, so that at the present time she is indebted in personal obligations

to friends that have assisted her in about the sum of
$1,500, and further says that the major portion of said
indebtedness was incurred in fitting herself for the posi-
tion of a teacher of kindergarten, and that she so fitted
herself for such work, and has a portion of the time been
able to pursue such employment, but, owing to her ill
health, is no longer able to do such work; and further
says that she no longer has any source of income from
outside sources, and is wholly unable to support herself
by her own exertions.

That, under and by the terms of the first paragraph of
said last will and testament, she is entitled to have paid
to her from said estate, as she believes, the sum of
$1,000 per annum until she shall have attained the age
of 35 years, or such sum as with any funds or support
received from outside sources will make her annual
income $1,000; that there is no personalty belonging to
said estate other than a small sum, not exceeding the
sum of $250 per annum, arising from the rents of certain
of the real estate mentioned in said last will and testa-
ment and codicil of said deceased, which said sum is not
sufficient to meet the items of insurance and the taxes
on said property.

That of the real estate described in the second para-
graph of the last will and testament of said deceased, the
Grand Ledge property and lot No. 10, of block 66, of the
city of Lansing, were disposed of by said testatrix in her
life-time, thus leaving as the real estate belonging to said
estate the south-east quarter of the south-east quarter of
section 36 of De Witt township, in the county of Clinton,
and lots 2 and 3 of block 67, in the city of Lansing; and
says that said 40 acres in the township of De Witt are
worth, as she is informed and believes, not to exceed the
sum of $40, being wholly swampy and marsh, and cov-
ered with water the greater part of each year, lying in

what is known as the "Big Marsh," in the said county
of Clinton; that lots 2 and 3 of block 67 of the city of
Lansing are located on Washington avenue in said city,
and near the business portion of said city, and are worth
about the sum of $10,000; that she has at various times
requested the defendant, as such administrator, to pay
her the sum of $1,000, or such portion thereof as is neces-
sary for her support, which defendant refuses to do.

The prayer of the bill is that the will may be construed
and the rights of complainant and others thereunder may
be determined and settled; that the powers and duties of
the administrator *de bonis non* may be determined and he
decreed to pay over to complainant a sum sufficient to
pay her debts incurred in her support, and in educating
and fitting her for a teacher of kindergarten, and such
further sums from time to time as shall make her income
the sum of $1,000 per annum; and, if it shall appear that
he has not sufficient funds wherewith to meet such
payments, that he shall be directed to sell real estate as
shall be necessary therefor. The bill also contains the
general prayer for relief.

The main facts stated in the bill are admitted by the
answer, and the testimony of the complainant, which
was taken in the cause, also supports the allegation of
the bill. It is admitted that the complainant has only
received from her mother's estate for her support the
sum of $589.19; also that the lots on Washington avenue,
described in the will, have a frontage of ten rods, and
that the complainant is the sole heir of Jacob B. and
Eliza J. Bennett.

On the hearing in the court below the court dismissed
the bill, with costs. Complainant appeals.

It is conceded that a power of sale was conferred upon
the executors named in the will; that this power was
general as to all the real estate, and limited only by the

condition as to the price to be obtained for the Washington-avenue lots. It is contended, however, that this power is a personal one, conferred upon the husband of the testatrix and Schuyler F. Seager, the executors named in the will. In this contention there can be no doubt that counsel is correct. The language of the will is:

"If the executors shall at any time find it necessary, or shall deem it for the best interest of my estate, * * * I desire sale to be made." etc.

This language implies a personal confidence and trust in the judgment and honesty of the parties named, and it cannot be said that the testatrix intended by this provision to confer such discretionary power upon any one whom the probate court might appoint, should the persons named fail to qualify, or refuse to accept the trust. The administrator *de bonis non* with the will annexed does not execute the powers and duties which lie outside the ordinary scope of an executor's functions unless, by the terms of the will, such authority is clearly granted. Schouler, Ex'rs, § 413; Redf. Wills, pt. 2, pp. 90, 222; *Ingle v. Jones,* 9 Wall. 486.

Neither do we think such power is given to the administrator *de bonis non* by the provisions of section 5844, How. Stat., under circumstances where it clearly appears that the power is a personal one to the executors named in the will. This section provides:

"When all the executors appointed in any will shall not be authorized, according to the provisions of this chapter, to act as such, such as are authorized shall have the same authority to perform every act, and discharge every trust, required and allowed by the will, and their acts shall be as valid and effectual for every purpose as if all were authorized, and should act together; and administrators with the will annexed shall have the same authority to perform every act, and discharge every trust, as the executor named in the will would have had, and

their acts shall be as valid and effectual for every purpose."

The powers conferred by this section of the statute upon the administrator *de bonis non* with the will annexed are such only as can be exercised by the executor as such, and a personal power or trust which might be exercised or performed by an executor independently of his office as executor will not pass by devolution to the administrator. *Conklin v. Egerton*, 21 Wend. 430; *Ross v. Barclay*, 18 Penn. St. 179; *Evans v. Chew*, 71 Id. 47.

The will was executed on May 30, 1876, and Mrs. Bennett died in September, 1879. Before her death she had sold and disposed of all the property mentioned in the will except the 40 acres of land in Clinton county and the Washington-avenue lots. These Clinton county lands are of but little value. The only property remaining having any value are the lots in the city of Lansing, which are claimed to be worth the sum of $10,000. After providing for a sale of the property in the second paragraph of the will, and the order of sale, the testatrix proceeds as follows:

" And in no case shall said last-named lots be sold [the Washington-avenue lots] before my said daughter shall attain the age of thirty-five years, unless she shall become incompetent, from any cause, to earn a livelihood, and in no event for less than the sum of fifteen thousand dollars."

The codicil was added to the will on July 19, 1879. In this the testatrix refers again to these lots as follows:

"I don't wish the property on Washington avenue sold until such time as it will bring not less than one hundred dollars per foot front."

Again, in the codicil, the testatrix refers to these Washington-avenue lots. By the codicil she expresses a wish that her daughter may have a course of kinder-

garten training to enable her, in any reverses of fortune, to support herself by her own exertions. Her directions as to the training are as follows:

"I therefore direct my executors to set apart from my estate a sum sufficient to give her a thorough course of kindergarten training; the money necessary for that purpose to be by them realized from the sale of properties other than the Washington-avenue lots."

These Washington-avenue lots, it is conceded, have a frontage of 10 rods, or 165 feet, which, by the provisions of the codicil, were to be sold at the sum of $100 per foot, or at the sum of $16,500. The evidence shows the lots now to be worth only the sum of $10,000. What the lots may possibly be worth at the time the complainant reaches the age of 35 years (four years hence), it is, of course, impossible for any person now to determine. It was evidently the intent of the testatrix to preserve at least this portion of her estate until her daughter should attain the age of 35 years, and that, if then living, she should come into the possession and enjoyment of it. But the executors named in the will were given power to sell even this portion if her daughter should from any cause become incompetent to earn a livelihood, provided the sum of $15,000 could then be obtained therefor, or, under the codicil, the sum of $16,500. These conditions, upon which the executors named were empowered to make sale of these lots, may or may not have been impossible.

From the evidence in the case the contingency has now arisen which was provided for in the will. The daughter has become incompetent to earn a livelihood, but the executors named refused to assume the trust, and they are both now deceased. The power was a personal one to them, and the administrator *de bonis non*, by the terms of the will, cannot exercise it, and the statute itself confers

upon. him no such power. Neither can the lots be sold for the price fixed by the testatrix in the will. The claim of the defendant is that, under these circumstances, the lands, known as the Washington-avenue lots, cannot be sold until the complainant arrives at the age of 35 years; that the administrator *de bonis non* cannot be empowered by the probate court to make the sale, and that a court of chancery giving this construction to the will cannot authorize the sale by the administrator; that in fact there is no power vested in the administrator to make sale to relieve the complainant in her distress until she shall attain the age of 35 years. This construction of the will is undoubtedly correct, there being no debts or legacies to be paid; yet, by the prayer of the bill, we are called upon to construe the will, and to determine the rights and interests of the complainant in the premises.

It is made apparent by the will that the complainant was the sole object of the testatrix's care and bounty, aside from her husband, who is now deceased. The executors named had a mere naked power of sale, coupled with no interest whatever in the estate. At the death of the testatrix the estate vested in the complainant in fee, the possession and enjoyment only being delayed until the complainant should arrive at the age of 35 years, and contingent, at her death before arriving at that age, that her father should take, if he survived her, provided complainant left no lawful issue, or, leaving such lawful issue, such issue died. The father is deceased, and the complainant is the only heir at law of the testatrix. There was no devise over, should the complainant die before reaching the age of 35, except to the father, if then living, and, the father being now deceased, no contingency can arise by which the complainant and her lawful heirs could be divested of the estate. Under these circumstances, what rule of law prevents the complainant

taking possession ? She has the absolute title in fee, and only waits the arrival of her thirty-fifth birthday to take possession. When she can sell and dispose of the whole estate, why should the administrator control it ? There is no one interested in it except the complainant, and at her death the estate would only be cast upon her heirs at law, or the person whom she might designate by will to take after her death.

The terms of the will, it is contended, place restraint upon the alienation. If the lands had been sold by the executors, the complainant, as devisee under the will, would have been entitled to the proceeds. No one but the complainant had a right to insist upon the performance of this trust by the executors, and no one else could complain of the breach. The devise is not made to the executors for the benefit of the devisee, but directly to the devisee. The estate devised is not a conditional one to be forfeited, except by a condition which cannot now happen, or to revert to the heirs of the testator, or go over to others on any condition; nor is it one which is to vest at some future day, but is an absolute vested estate in fee which the complainant is entitled to take in possession at the age of 35 years.

The restraint upon the alienation evidently was made solely for the benefit of the devisee. Why may she not now forego or release its performance? It may be contended that the executors named in the will, had they accepted the trust, and assumed control of the estate, might have insisted on holding the estate in possession until the period when the complainant, by the terms of the will, was to take in possession. This, however, was a mere naked trust, and one personal to the parties named. This trust they refused to accept, and the trustees are now dead. Who can complain if the devisee

now takes in possession and sells and disposes of the entire estate? It is well settled that when a bare power of sale is given to the executors merely to sell the lands for the purpose of paying over the proceeds to devisees whose right under the will to such proceeds is an absolute and vested right, all such devisees may collectively, before the power of sale is exercised, elect to take the land instead of the proceeds, and thus prevent a sale.

But we are satisfied that the restraint upon alienation contained in this will is void. Such restraints are not favored in the law. It is true that many restrictions or qualifications upon the rights of the devisee or grantee may be made effectual by making the estate itself dependent upon such condition; but where the estate granted is absolute, such restriction can impose no legal obligation upon the devisees, or limit their power over the estate, when the observance or violation of the restriction can neither promote nor prejudice any interest but their own. This rule was very fully discussed by this Court in *Mandlebaum v. McDonell*, 29 Mich. 87, and in support of this principle the Court cited *Hall v. Tufts*, 18 Pick. 459; *Bank v. Davis*, 21 Id. 42; *Brandon v. Robinson*, 18 Ves. 429; *Doebler's Appeal*, 64 Penn. St. 9; *Craig v. Wells*, 11 N. Y. 315.

Aside from these reasons, however, we think the restrictions upon the sale cannot be upheld. No such restrictions are valid. When a restriction in a conveyance of a vested estate in fee-simple, in possession or remainder, is against selling for a particular time, such a restriction is invalid. When a person is entitled absolutely to property, any provision postponing its transfer or payment to him is void. Gray, in his rules against Perpetuities, thus states the rule:

"Suppose property is given to trustees in trust to pay

the principal to A. when he reaches thirty. When any other person than A. is interested in the property, when, for instance, there is a gift over to B. if A. dies under thirty, the trustee will retain the property for the benefit of B.; but when no one but A. is interested in the property, when, should he die before thirty, his heirs or representatives would be entitled to it, when, in short, the direction for postponement has been made for A.'s supposed benefit, such direction is void, in pursuance of the general doctrine that it is against public policy to restrain a man in the use or disposition of the property in which no one but himself has any interest."

The principle is generally held to be that all rights of property are alienable, and that a condition or restriction which would suspend all power of alienation for any length of time is inconsistent with the estate granted, and void. The husband of the testatrix died in 1884. There has been no period of time since then in which the complainant did not have the right to the immediate enjoyment of the estate, and to mortgage, sell, or dispose of it as she saw fit, and appropriate the whole proceeds thereof, subject only to the debts of the testatrix, if any there be, and the expenses of administration, as during the life of her father they could, by their joint act, have conveyed it.

The decree of the court below must be set aside, and a decree entered in this Court in accordance with this opinion. No costs will be allowed, as the administrator seems to have acted in good faith and under what he believed to be the true construction of this clause in the will.

MORSE, J., concurred with LONG, J.

CHAMPLIN, J. I concur with Mr. Justice LONG upon the ground that the will is void as contravening section 5531, How. Stat.

CAMPBELL, J. I think that, inasmuch as complainant is the only person interested in the land, the other questions are not important, and I concur in the result.

SHERWOOD, C. J., concurred with CAMPBELL, J.