## Richmond.

### THOM'S EX'OR v. THOM & OTHERS.

#### DECEMBER 2, 1897.

#### Absent, Cardwell, J.

1. TRUST ESTATE FOR LIFE—*Remainder over in Fee—Purchaser of Remainder by Life Tenent —Consent of Trustee—Commissions of Trustee.*— Where property, real and personal, has been devised and bequeathed to a trustee to invest in interest-bearing bonds, and pay the interest and dividends thereon to three persons during their joint lives, and to the survivors and survivor of them during their lives and the life of the survivor, and the remainder in fee is given to a third person—none of said legatees and devisees being under disability—the remainderman may sell his estate in remainder to the three life tenants and thereby terminate the trust created by the will, without the assent of the trustee, and the trustee will be compelled to pay and deliver the estate to the purchasers. The appellant being both executor of the will and trustee thereunder, and having been fully compensated for his services, is not entitled to a commission of five *per cent.* on the whole estate, as trustee, in addition to what he received as executor.

Appeal from a decree of the Corporation Court of the city of Fredericksburg, pronounced November 27, 1895, in a suit in chancery wherein the appellees were the complainants, and the appellant was the defendant.

*Affirmed.*

The testatrix died in June, 1894, and the bill in this case was filed in July, 1895. The bill charged, amongst other things, that the executor had not filed any inventory of the estate, and it prayed that he might be required to file such inventory, and to settle his account as executor and trustee. The inventory was filed, and the account was setiled by a commissioner of the

court. The commissioner allowed the executor a commission of five *per cent.* on the whole estate. A special statement was also made, in which the commissioner stated that if the trust was terminated, the executor should also be allowed the present value of the commissions he would have received on interest and dividends. This was ascertained to be $401.17. The complainants made no objection to this. On the contrary, a paper signed by them was filed by the commissioner, in which they agreed that he should receive on that account the sum of $400. The defendant, however, who was both executor of the will and trustee thereunder, excepted to the report of the commissioner because he was not allowed the same commission as trustee as had been allowed him as executor. This exception the trial court overruled. The other facts sufficiently appear in the opinion of the court.

*Little & Little* and *Beverly T. Crump,* for the appellant.

*W. S. White* and *Leake & Carter,* for the appellees.

HARRISON, J., delivered the opinion of the court.

Miss Mary Thom died in June, 1894, leaving the following will:

"I, Mary Thom, of the city of Fredericksburg and State of Virginia, do make this my last will and testament, revoking all other wills at any time made by me.

"*First.* I give and devise to my executor, hereinafter named, all my estate of every kind and description upon trust, to take possession of and invest said estate in good and safe interest-bearing bonds or other securities, and to pay the interest, dividends and profits arising from the same annually to my three nieces, Nannie S. Goodwin, Betty C. Goodwin and Janet Goodwin, in equal portions, during their joint lives, and, at the death of any one of my said nieces, then to pay the said interest, divi-

dends and profits to the survivors equally during their joint
lives, and at the death of either of said survivors, to pay the said
interest, dividends and profits to the survivor during her life,
and at the death of the survivor, I give the remainder of my es-
tate to my nephew, Bernadino E. Thom, of Cerulean Springs,
Trigg Co., Kentucky, in fee simple.

"*Secondly.* Out of the income derived from my said estate I
request my said nieces and the survivors and survivor as afore-
said to contribute annually to St. George's Episcopal Church,
of Fredericksburg, Virginia, the sum of twenty dollars, and to
the contingent fund of the Diocese of Virginia, three dollars
annually, and to the Female Charity School of said church of
Fredericksburg, Va., two dollars annually, making a total of
twenty-five dollars annually.

"*Thirdly.* I hereby appoint and constitute Wm. A. Little,
Jr., executor of this my last will and testament.

"Witness my hand this 26th day of February, in the year of
our Lord 1891.

"MARY THOM."

In June, 1895, the beneficiaries named in the will entered
into a contract in writing, by which the nephew, Bernadino E.
Thom, agreed to sell his interest in the estate as remainderman
to the three life tenants for the sum of $1,500, and further
agreed that the life tenants should institute suit in his name and
theirs, in the proper court, asking for a ratification of the con-
tract, and a settlement of the account of Wm. A. Little, Jr.,
executor and trustee, and further asking for a sale of so much of
the personal estate passing under the will as might be necessary
to pay the remainderman the $1,500 agreed upon.

Thereupon the bill in this case was filed asking that this con-
tract be carried out, and that all the residue of the estate, after
paying costs of administration, &c., should be turned over to the
three female complainants in joint and equal right.

The executor and trustee filed his answer to the bill admitting
the facts alleged, but denying the right of the beneficiaries to

terminate the trust created by the will in the manner proposed by their contract, contending that the purpose and object of the testatrix would be thereby defeated.

After certain accounts were taken, the court entered a decree affording the relief prayed for, and it is from this decree that the executor and trustee has appealed.

We entertain no doubt of the propriety of granting the relief asked in this case by the complainants in the court below.

We express no opinion as to how far one has the power to give the whole beneficial and equitable interest in an estate to persons who are under no disability, and at the same time to restrict their power to dispose of it where clear and apt language is employed to carry out such a purpose. In this case there is no attempt by the testatrix to fetter or restrain the objects of her bounty in any way. So far as any inhibition in the will is concerned, either of the beneficiaries has full power to sell his or her equitable interest in the estate at any time.

The will contains a simple direction that the executor shall invest the estate and pay over the interest accruing thereon to the three female complainants, and to the survivor of them, during their joint lives, and at the death of the survivor, to turn the *corpus* over to the conplainant Bernadino E. Thom. The only reason apparent on the face of the will for keeping the estate in in the hands of the executor as trustee is to preserve the *corpus* for the benefit of the remainderman. There is no intimation that the beneficiaries are under any incapacity, legal or otherwise, which would prevent any one of them from managing his or her own property. Considered collectively, the complainants are the real and substantial owners of the estate, and, under the terms of the contract filed with the bill, Bernadino E. Thom has sold his interest as remainderman to the three female life tenants, who have thus become the owners of the entire estate. The parties had a right to make this contract, and it is reasonable and just that it should be caried out in comformity to the desire in which they all unite.

It is assigned as error in the petition for appeal that the court erred in not allowing appellant a commission of five *per cent.* upon the entire estate passing into his hands, as trustee, in addition to the five *per cent.* allowed him as executor. This ground of error was not pressed in argument, and we do not understand it to be seriously relied on. If it were, it could not be sustained, as the record shows that appellant has been fully compensated.

There is no error in the decree complained of to the prejudice of appellant, and it is affirmed.

*Affirmed.*