PATTON and others, Appellants, vs. PATRICK, Trustee, Re-
spondent.

*October 20—November 15, 1904.*

*Trusts and trustees: Active trusts: Wills: Rights of beneficiary to
terminate trust: Assignment of income.*

1. Unless so completely thwarted by rules of law as to accomplish
   no possible purpose, it is the duty of courts to enforce the
   right of an owner of property to control its use and manage-
   ment after his death, as by directing that specific real estate
   be preserved as such within a limited time, and the income
   paid to beneficiaries.
2. In the progress of the settlement of an estate, wherein the will
   of the testator provided that the income of specific real estate
   should be collected by trustees and paid to his children at
   stated intervals, and that such real estate should not be sold
   until the happening of certain events, or a fixed period of
   time, and then to be converted and divided, it was adjudged
   that the children became vested with their respective shares
   of the estate immediately upon the testator's death. *Held,*
   under sec. 2089, Stats. 1898 (providing that no person benefi-
   cially interested in a trust for the receipt of rents and profits
   of land can assign or dispose of said interest), that the children
   could not by transferring their vested rights in the remainders,
   together with their shares in the income, render impossible
   the purpose of the testator, and present a situation where the
   continuance of the trust could be terminated.
3. In such case, where, by reason of the peculiar situation of the
   land—leased by the testator before his death for a long term to
   those who had constructed buildings thereon, and who were
   also charged with the duty of paying the taxes—there remains
   but the single act of enforcing performance by the lessees

of their duty to pay rent and taxes, the trust is, nevertheless, not an executed one, and is valid by virtue of the active duties imposed upon the trustee to receive rents and apply them to the use of the children.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

By the will of Harrison Ludington, so far as material to the present case, he vested in his executors, as trustees, a large estate, of something over a million dollars, consisting about equally of real and personal property; the bulk to be held in trust and managed during the life of his widow, and from the proceeds certain sums to be paid her, and the rest of the income to be paid annually to his several children, and at the end of the termination of the trust the said property, or its proceeds, to be divided amongst said children. With reference, however, to two parcels of real estate in the city of Milwaukee, included in such trust, he provided:

"My said executors and trustees shall not have the power or authority to sell or convey, except by way of mortgage for the purpose of rebuilding [said defined real estate], during the lives of my said wife and of my youngest child surviving at my death; but shall receive the rents, issues and profits thereof and distribute and divide the income thereof as hereinbefore provided with respect to the general income of my estate. . . . If my said wife and my said youngest child surviving at my death, or either of them, shall survive the first day of April, A. D. 1908, then and in such case my said executors and trustees and their successors in trust are authorized and empowered to sell and convey said premises or any of them and convert said property into money."

The will has been construed as conferring vested interests upon several children. *Patton v. Ludington,* 103 Wis. 629, 79 N. W. 1073. The widow elected to repudiate the provision made for her by the will, and has received her share under the statute, including a charge upon the income of the above-mentioned specific parcels of real estate for one third thereof.

·during her life; such income amounting to about $17,000 per annum. The trustees named in the will have both died, and the present trustee, *Patrick,* has been appointed by the court, and is now the sole surviving trustee. This action was brought to adjudge a termination of the trust, and require a distribution of the entire assets ratably among the children and the heir of the only deceased child; all of said beneficiaries con-·senting to and requesting such termination, and the trustee ·expressing the opinion that the same would generally enhance the value of said assets, but leaving the court to say whether he could lawfully consent to such termination. Since the ac-·tion was commenced, and since judgment in the circuit court, the widow has died, thus terminating the trust, except so far as it applies to said specific parcels of real estate; and both ·parties request that we consider the question in the light of that situation, and that the action be deemed one merely to de-·clare terminated the trust with reference to the said two parcels of real estate, and to require their immediate transfer in ·specie, to the plaintiffs in common—one-sixth to each. The ·circuit court, upon the facts, which are not in dispute, entered judgment denying the prayer of the complaint, from which ·the plaintiffs bring this appeal.

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Charles Quarles,* of counsel, and oral argument by *Charles Quarles.* To the point that all parties interested being *sui juris,* and before the court and consenting, the trust not only may but should be terminated, they cited *Sumner v. Newton,* 64 Wis. 210; *Holmes v. Waller,* 118 Wis. 409; *Becker v. Chester,* 115 Wis. 90; *McWilliams v. Gough,* 116 Wis. 576; *Bowditch v. Andrew,* 8 Allen, 339; *Inches v. Hill,* 106 Mass. 575; *Sears v. Choate,* 146 Mass. :395, 398; *Taylor v. Huber,* 13 Ohio St. 288; *Lamberton v. Pereles,* 87 Wis. 449; *Williams v. Smith,* 117 Wis. 142; *Douglas v. Cruger,* 80 N. Y. 15, 19; *Cuthbert v. Cauvet,* 136 N. Y. 326; *Lent v. Howard,* 89 N. Y. 169.

For the respondent there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Jackson B. Kemper,* of counsel, and oral argument by *Jackson B. Kemper.*

DODGE, J. The rights of an owner of property to control its use and management during his life and after his death, within certain limitations imposed by law, are among the most sacred, and entitled to the most careful protection at the hands of courts, without scrutiny as to the quality of his reasons in making such choice. Among these rights is that of preserving specific real estate as such within a limited time after his death. He may think that thereby is assured either a more certain or a larger income than could be obtained by its sale and the investment of the proceeds, or he may believe that the increase in sale value during that term will be for the best interest of those for whom he desires to provide. The testator in the present instance has declared his choice and will that the two parcels of real estate in Milwaukee now under consideration shall continue to be held as such until the year 1908, unless his widow and youngest child both die before that time. Why he did so, we need not inquire. It was his right, and it is the duty of courts to enforce that choice, unless, indeed, it is so completely thwarted by other rules of law as to accomplish no possible purpose. It is said that is the case here, since we have already decided that, under Gov. Ludington's will, his six children became vested with their respective shares immediately upon his death. *Patton v. Ludington,* 103 Wis. 629, 79 N. W. 1073. The result of this holding doubtless is that they can sell and transfer their vested rights to the remainders arising after the termination of the intermediate estates in the trustees. If, as is suggested, they might also effectively transfer their shares of the rents of this specific real estate during that interval, so that the transferee would, in effect, own the entire property, subject only to the right of the trustee to collect and pay over the

rents until 1908, a very persuasive situation would be pre-
sented for holding the continuance of the trust futile. But
we deem it plain that they have not that right. Sec. 2089,
Stats. 1898, provides that no person beneficially interested in
a trust for the receipt of rents and profits of lands can assign
or in any manner dispose of said interest. Now, whatever
may be the holding as to the conversion of this or any other
portions of the estate into personalty, for some purposes, by
virtue of authority or duty in the trustees to sell and distrib-
ute the proceeds, we cannot doubt that a specific piece of land
placed in the hands of trustes under an active trust to collect
and distribute rents, and required to be retained by them for
a certain period, is, during that period, "land" held under a
trust for the receipt of rents and profits, within the meaning
of that statute. Hence no assignment by the beneficiaries of
their interest in those rents could be of any validity. The
purpose of the testator, therefore, to preserve those rents as an
annually recurring source of income to his children, is not
rendered impossible by any power existing in them to trans-
fer it to a purchaser of the remainder. We deem it our duty
to protect that purpose by refusing to discharge the property
from the trust.

We cannot agree with the insistence of appellants' counsel
that this trust has become so executed as that, under the pro-
visions of sec. 2093, Stats. 1898, the trust ceases. While, by
reason of the peculiar situation of this land—leased as it was
by the testator before his death for a long term to those who
have constructed the only buildings thereon, and who, as we
understand, are also charged with the duty of paying the
taxes—there remains but the single act of enforcing perform-
ance by the lessees of their duties to pay rent and taxes, never-
theless that is sufficient to mark it as an active trust, under
all the authorities. Sec. 2074, Stats. 1898; *Lamberton v.
Pereles,* 87 Wis. 449, 58 N. W. 776; *Perkins v. Burlington
L. & I. Co.* 112 Wis. 509, 518, 88 N. W. 648; *Holmes v.*

*Walter,* 118 Wis. 409, 416, 95 N. W. 380. So long as that duty remains, the trust is not an executed one, but is necessary to maintain the separateness of the intermediate equitable estate from the ultimate legal estate in remainder in either the property itself or its proceeds, and is valid by virtue of the active duties to receive rents and apply them to the use of the children imposed upon the trustees meanwhile. Secs. 2074, 2081, subd. 3, Stats. 1898.

We approve the conclusion reached originally by the county court, and affirmed by the circuit court, refusing to interfere with the terms of the testator's will in regard to these parcels of real estate.

*By the Court.*—Judgment affirmed.