WILL OF ADELMAN: FLAHERTY, Executrix, and others, Appellants, vs. ADELMAN, Respondent.

*January 29—February 16, 1909.*

*Wills: Trusts: Devise of rents and profits: Future estates: Perpetuities.*

1. A testatrix devised the future rents and profits of lands to her father during his life; at his death to her brother and three sisters and survivor of them for life; and after the death of the last survivor the lands to be sold and the proceeds divided among the children of the persons last named and her half brothers and sisters, children of her father, who should be surviving at that time.    There was no devise in trust and nothing in the will to bring it within the provisions of sec. 2081, Stats. (1898).    *Held:*

    (1) The will did not create any trust.

    (2) The disposition so made of the rents and profits is, under sec. 2060, Stats. (1898), to be governed by the rules in relation to future estates in land.

(3) The future estate attempted to be given to the brother and sisters is void under secs. 2038, 2039, Stats. (1898), since under the terms of the will the property could not be sold during the continuance of five lives in being at the creation of the estate.

(4) The estate attempted to be devised to the nephews, nieces, etc., of the testatrix is a contingent future estate, since the persons to whom it is limited must remain uncertain until the ceasing of the precedent estate. Such estate would also offend against secs. 2038, 2039.

(5) No part of the devise can be upheld.

2. Even a trust is void as creating an unlawful perpetuity if the trust term exceeds the period permitted by statute, where there is no power of sale and the statute—like secs. 2089, 2091, Stats. (1898)—forbids alienation by the trustee and the beneficiary during the continuance of the trust.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

The appeal is from a judgment construing the will of Julia F. Adelman.

The cause was submitted on the brief of *Kleist, Bender & Lefebvre,* attorneys for the executrix, and *Tullar & Lockney,* attorneys for *Maggie Boyd,* and the brief of *William L. Tibbs,* attorney for the respondent.

TIMLIN, J.   The executrix of the testatrix, upon filing her final account and asking for an assignment and distribution of the estate of the latter, also requested a construction of the will, particularly the second paragraph hereinafter set forth. The will was probably drawn by testatrix, a woman apparently of considerable acquisitiveness and versatility, who owned real estate, a stock of liquors and cigars, letters patent for an invention of hers, the copyright of a song, a theatrical wardrobe, paintings, shares of stock, jewelry, a diary containing "valuable ideas for patents and inventions," musical instruments, and a revolver. The will presents a queer compound of legal and epistolary expressions. The testatrix therein provided for a tombstone to be placed at her grave

with the inscription, "Who tried to succeed," which might represent her efforts at will-making as well as her life work, and the "touch of nature" is found in the request that she be buried at Waukesha, Wisconsin, cemetery as near her mother as possible. The second paragraph of the will is as follows:

"II. I give, grant and devise to my father, *J. P. Meyer,* the income to be derived from the rentals of the following real estate situate in the city of South Milwaukee, Wisconsin, viz.: Lot (4) four, in block (5) five, and improvements thereon, in the original plat, and also lot (13) thirteen in block (31) thirty-one, and improvements thereon, to the amount of one hundred and fifty-six dollars annually, to be paid monthly in equal instalments, provided there shall be so much derived after deducting the costs of taxes, insurance and all necessary repairs and expenses of collecting and attending to the same as my executor shall deem to be reasonable, for the term of his natural life, and the surplus, if any, derived from such rentals, to be equally divided between the said *John Meyer, Lissie Flaherty, Maggie Boyd* and *Rosa Juden.* And I further direct that after my father's decease the rentals derived from said properties, Lots 4 and 13 aforesaid, shall be equally divided monthly between my said sister *Lissie Flaherty, Maggie Boyd, Rosa Juden* and my said brother *John Meyer,* after deducting costs and expenses of taxes, insurance, repairs and commission of two % for collections—but in case of the decease of either one of said four—then the monies so derived from the two said properties is to be equally divided among those that may be surviving at the time of my father's decease—And it is hereby provided further with reference to the two said properties, that after the decease of the said *John Meyer, Lissie Flaherty, Maggie Boyd* and *Rosa Juden,* said lots 4 Blk. 5, and Lot 13 Blk. 31 are to be sold and the monies derived therefrom divided equally among the children of said *John Meyer, Lissie Flaherty, Maggie Boyd* and *Rosa Juden,* and also my half brothers and sisters, children of *J. P. Meyer,* that may be surviving at that time, except that One Hundred & Fifteen Dollars shall be deducted from the share of my nephew Frank Chapleau, the amount of a bill he is owing me, unless the same shall have been paid at this

time.   It is hereby provided that if either of the buildings
on said properties last mentioned should be destroyed by fire,
before the death of the said four brothers and sisters above
mentioned, then the insurance monies shall be used to rebuild
the same."

The county court and the circuit court held that this para-
graph of the will was void as contravening the law against
perpetuities.   Except as might be inferred from the nomina-
tion and appointment of an executrix to compound and settle
any claim or demand against or in favor of the estate, there is
no devise in trust of the lots mentioned in paragraph 2 or of
the rents or income thereof.   The appellants contend that by
said paragraph several trusts are created independent of each
other, each complete in itself, and that the disposition of
property can be upheld without doing injustice and without
defeating the intention of the testatrix by considering the
paragraph in question to create several separable trusts under
the rule of law declared in *Kennedy v. Hoy,* 105 N. Y. 134,
137, 11 N. E. 390.   Alternately the appellants contend that
that portion of the second paragraph which provides for the
sale of the real estate there described after the termination
of the life interests and the disposition of the proceeds of such
sale to the then surviving children of *John Meyer, Lissie
Flaherty, Maggie Boyd,* and *Rosa Juden,* and the half
brothers and sisters of testatrix, should be upheld as a valid
bequest, considering the same as a vested remainder to per-
sons therein named, subject to a change so as to let in future-
born children and exclude those dying before the termination
of the life estates.

While it is true that equity will not suffer a trust to lapse
for want of a trustee, still the omission of any devise in trust
is to be considered with reference to sec. 2081, Stats. (1898).
Uses and trusts, except as authorized and modified in ch. 96,
Stats. (1898), are abolished.   Sec. 2071.   A trust may be
created to receive the rents and profits of land and apply

them to the use of any person during the life of such person, or for any shorter term; also, to receive the rents and profits of lands and to accumulate the same for the benefit of any married woman or for any of the purposes and within the limits prescribed in ch. 95, Stats. (1898); or for the beneficial interests of any person or persons when such trust is fully expressed and clearly defined upon the face of the instrument creating it. Nothing in the will of the testatrix brings it within these or any other provisions of statute, and there is no devise in trust to any person, so that it is not possible to find in the will one trust, much less several separate trusts. This part of the will of testatrix is rather governed by sec. 2060, which reads:

"Disposition of the rents and profits of lands, to accrue and be received at any time subsequent to the execution of the instrument creating such disposition, shall be governed by the rules established in this chapter in relation to future estates in land."

We have here a disposition of the rents to *J. P. Meyer* during his life, and after his death to *Lissie Flaherty, Maggie Boyd, Rosa Juden,* and *John Meyer,* and survivor of them, during the life of the longest liver, and after the death of the last survivor the property to be sold and the proceeds of the sale to be divided equally among the children of the persons last named and her half brothers and sisters, children of testatrix's father, surviving at that time. The estate attempted to be devised to the latter group of nephews, nieces, half-brothers, and half-sisters belongs in that class of estates in expectancy denominated future estates. It is a contingent future estate because the persons to whom it is limited remain uncertain. Sec. 2037, Stats. (1898). There may not only be a dropping out of persons by reason of death before the time for vesting arrives, but also a coming in of others by reason of the birth of children, so that at no time between the death of the testatrix and the vesting of the contingent estate

could it be known who would be ultimately entitled to this remainder, and it might ultimately become the property of some person now and within two lives in being and twenty-one years thereafter unborn.

In order to carry out the terms of the will so that the rentals should belong as therein provided, the property could not be sold within the lifetimes of *John P. Meyer, John Meyer, Lissie Flaherty, Maggie Boyd, Rosa Juden,* or either of them. The future estate in the rents and profits created in *Lissie Flaherty, Maggie Boyd, Rosa Juden,* and *John Meyer* would therefore come within the prohibition of secs. 2038, 2039, Stats. (1898), and the future estate created for children of the brother and sisters of testatrix and her half brothers and sisters would offend against these sections. *Becker v. Chester,* 115 Wis. 90, 91 N. W. 87, 650; *Patton v. Patrick,* 123 Wis. 218, 101 N. W. 408.

But the paragraph in question could not be saved from the condemnation of statute even by considering that it creates a trust, because that would merely bring us within the rule of secs. 2089 and 2091 and the cases construing these sections. Ordinarily a trust does not offend against the statutes relative to perpetuities where the trustee has a power of sale and the beneficiary may dispose of his interest, even though the trust term exceeds two lives in being and twenty-one years. But where there is no power of sale and the statute forbids alienation by the trustee and the beneficiary during the continuance of the trust, it does create an unlawful perpetuity when the trust term exceeds the period permitted by statute.

We find no way in which we can, consistently with the apparent intentions of the testatrix, save any part of this second paragraph of the will. The property described in that paragraph is not elsewhere in the will disposed of, and we agree with the judgment below that it should go as intestate property.

*By the Court.*—Judgment affirmed.