## ESTELLA SIMMONS v. NORTHWESTERN TRUST COMPANY.[1]

### April 27, 1917.

### Nos. 20,258—(91).

**Termination of trust.**

> An express trust may be terminated by decree of the court when the entire beneficial interest in and to the trust property, including the estate in reversion, has become vested in the *cestui que trust*, and the character and purpose of the trust as expressed in the instrument creating it does not conflict with or preclude the right of termination.

[1]Reported in 162 N. W. 450.

Action in the district court for Ramsey county to obtain the decree of court declaring a certain trust in favor of plaintiff terminated and to obtain the property held by defendant as trustee of that trust. The case was tried before Hanft, J., who made findings and ordered judgment in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*O'Brien, Young & Stone,* for appellant.

*Essie W. Williams,* for respondent.

BROWN, C. J.

This action was brought to terminate a trust created and established by the last will and testament of Sarah J. Robbins, late of Ramsey county, on the ground that the purpose thereof has been fully accomplished, rendering a continuance of the trust wholly unnecessary. Plaintiff had judgment and defendant appealed from an order denying a new trial.

The facts are not in dispute and are substantially as follows: By the last will and testament of Sarah J. Robbins an undivided interest in and to certain property belonging to the testatrix, real and personal, was devised and bequeathed to defendant, Northwestern Trust Company, in trust for the use and benefit of plaintiff, a sister of testatrix, the same to be held by the trustee and the income therefrom paid over to plaintiff during her life, with the remainder over at her death to Luella Webb and Annette Simmons, two other sisters of testatrix. The will was duly admitted to probate and the estate administered in accordance with its provisions. The trust property was decreed to the trustee and thereafter, except the real estate, was duly managed by it in conformity with the trust and the income therefrom paid over to plaintiff. The trustee never took possession of the real property, but committed the same to the possession and control of plaintiff, the *cestui que trust,* and those jointly interested therein with her. The final decree of the probate court was rendered and duly entered on May 15, 1914.

At the time of the execution of the will plaintiff was and for some years prior thereto had been the duly wedded wife of one Frank Sans Souci. She has at all times been and still is a person of intelligence, of character, possessing business capacity to manage her property affairs, and

there is no suggestion that she is or was a spendthrift, or otherwise un-fitted to own and control property in her own right. The precise pur-pose of testatrix in creating the trust for her benefit is not disclosed by the will, though it is clear that it could not have been because of any in-competence on the part of plaintiff. The unexpressed purpose, as claimed by plaintiff, and as disclosed by evidence *de hors* the record, which was received over defendant's objection that the purpose of the trust could not thus be shown. was to prevent the property from reaching the hands of plaintiff's husband who, testatrix believed, would squander the whole thereof should it go to plaintiff direct. If that was the situation which testatrix had in mind when she made the will, it has been entirely changed by the divorce which plaintiff procured from Sans Souci on No-vember 1, 1915. So that plaintiff is no longer subject to his control or influence.

Subsequent to the dissolution of the marriage, as just stated, plaintiff acquired and now holds in her own right the reversionary interest in and to the trust property, which the will provided should pass to the two sisters of plaintiff upon her death. They have conveyed their said interest to plaintiff and she is now the sole owner of all the property as well as of the income therefrom.

Plaintiff thereafter demanded the property from defendant, on the ground that the purposes of the trust, by reason of the facts stated, had been accomplished, entitling her to the possession of the trust property. The demand was refused and this action followed with the result stated.

Two principal contentions were made by plaintiff in the court below, as well as in this court, namely: (1) That the purpose of the trust was the protection of plaintiff from her spendthrift husband and to prevent the property coming into his hands, and since plaintiff has procured a divorce and thus relieved herself from further control of the objectionable hus-band, all danger of a dissipation of the property from that source has passed, and the purpose of the trust therefore accomplished; and (2) since the entire beneficial interest in and to the trust property, both in-come and the estate in reversion, has become vested in her, that she is for that reason also entitled to a termination of the trust.

1. The power and jurisdiction of the court in a proper case to terminate an express trust, in proceedings brought for that purpose, when the

purposes thereof have been fully accomplished, even before the expiration of the term for which it was created, are well settled by the authorities. 39 Cyc. 99; Eakle v. Ingram, 142 Cal. 15, 75 Pac. 566, 100 Am. St. 99; Webster v. Bush (Ky.), 39 S. W. 411; Tilton v. Davidson, 98 Me. 55, 56 Atl. 215; Sands v. Old Colony Trust Company, 195 Mass. 575, 81 N. E. 300, 12 Ann. Cas. 837. See also G. S. 1913, § 6722. But where the purpose of the trust does not expressly or by fair implication, appear upon the face of the instrument creating it, as in the case at bar, it may be doubted whether such purpose may be shown by extrinsic evidence, in the manner here attempted. We do not find it necessary to consider the question, and pass it without further remark, for it seems clear that plaintiff's second contention above stated must be sustained.

2. Plaintiff is *sui juris*. There is no suggestion in the record that she is mentally or otherwise incompetent to act for herself, or properly care for her property rights, and she may under the law freely contract and be contracted with. Nor is there any suggestion that her condition was otherwise when the will was executed, or that the purpose of the testatrix creating the trust was to protect her from her own incapacity or inability to manage her property affairs. She has, since she was divorced, acquired the entire beneficial estate in the trust property, by conveyance and transfer from the holders of the estate in reversion. The title to the property and the income therefrom is subject to sale by her, precisely as she might sell and convey other property owned by her. Upon such facts, appearing without dispute, and the character of the trust or the purpose thereof as expressed by the instrument creating it not conflicting, the authorities hold that the trust may be terminated by decree of court and the whole estate turned over to the *cestui que trust*. Anson v. Potter, 13 Ch. D. 141; Taylor v. Huber's Exrs. 13 Oh. St. 288; Inches v. Hill, 106 Mass. 575, 578; Sharpless' Estate, 151 Pa. St. 214, 25 Atl. 44; Thom's Ex'r v. Thom, 95 Va. 413, 28 S. E. 583; Healey v. Alston, 25 Miss. 190; Whall v. Converse, 146 Mass. 345, 15 N. E. 660. There can be no serious doubt of her right of alienation, not only of the *corpus* of the estate, but also the income, since the will contains nothing inconsistent with the exercise of such right. Perry, Trusts, § 386; Patton v. Patrick, 123 Wis. 218, 101 N. W. 408; Bennett v. Chapin, 77 Mich. 526, 43 N. W. 893, 7 L.R.A. 377; Brooks v. Davis, 82 N. J. Eq. 118, 88 Atl.

178; 39 Cyc. 234, and authorities there cited. Section 6718, G. S. 1913, has no application to a trust of the character of the one at bar. It applies only to trusts to receive and apply to specific purposes the rents and profits of land.

It follows therefore that upon the ground stated the trial court properly awarded to plaintiff a judgment terminating the trust, and the order appealed from must be and is affirmed.