THEODORE MAJERUS ET AL. V. KATIE NEARY ET AL., APPELLEES: LOUIS P. WIRTH, TRUSTEE, APPELLANT.

FILED DECEMBER 21, 1921.   No. 21817.

Trusts:   TERMINATION.   Where the terms of an express trust have been fulfilled, the trust may be declared terminated by decree of court.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE.   *Affirmed.*

*James E. Leyda,* for appellant.

*John C. Mullen,* contra.

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., FITZGERALD and WAKELEY, District Judges.

FITZGERALD, District Judge.

This is an action brought by Theodore Majerus and others for the purpose of terminating a trust created by the last will and testament of Jacob Majerus, and to procure a construction of the last will of Jacob Majerus.

Jacob Majerus, on August 12, 1910, made the will in question, in which he devised and bequeathed his earthly belongings comparatively equally among his children and the children of a deceased child.   He, however, devised most of his real estate to his eldest son, John Majerus, "in trust, however, for" each of his other children, until each devisee should reach the age of 36 years, at which time the devisee would take his or her portion in fee forever.   The will allows each devisee, on reaching the age of 21 years, to enjoy the use and benefit of his or her portion, and places the legal title in the trustee.   The trustee

may at his discretion, for the benefit of any devisee, and with the consent of the devisee, convey the land devised, provided he should invest the proceeds in other land. An annuity of 50 cents an acre, for the benefit of testator's widow, is assessed against each devisee.

Paragraph 13 of the will provides: "If either one or more of my said children shall die not having been married and leaving no issue, and before reaching the age of 36 years, then the said property herein willed to such child or children (deceased) shall be and rest in the other children without distinction." The provision that the surviving children shall not take the legal title to its share in the division of the portion of a deceased child is here again inserted.

John Majerus, the trustee, died. Theodore, one of the sons, has reached the age of 36, and brought this action, praying the court for the appointment of a trustee, and direction to such trustee to grant a deed to Theodore. The other devisees, being made parties, filed separate answers and cross-petitions, praying for a decree ordering the trustee to convey to each, his or her separate portion. The district court found for the plaintiffs, and for the defendant devisees on their cross-petitions, and decreed the conveyance of all the land as prayed. The court found all the devisees to be *sui juris*, married, and with children.

Defendant Louis P. Wirth, being uncertain of his rights, appealed from the decision of the district court, and presents the case for our determination. Jacob Majerus, the testator, had evidently labored hard, and carefully conserved the fruit of his labor. He had gathered a goodly portion of worldly goods, and he had a large family, most of whom had reached their majority. He seems to have feared that his children might dissipate the earnings of his lifetime if they should come in possession of the same before the rosy hues that youthful imagination sometimes throws on life's screen had cleared away. He made a will. It was within his rights to make

the will, and to make disposition of his property therein.
His will is lawful, and we can see no construction that
would defeat any portion of it.   But, as is frequently the
case, the meaning in certain paragraphs of this testament
is not entirely clear, and it is submitted to us to deter-
mine just what Jacob Majerus meant when he wrote his
last will and testament.

Testator had evidently seen comfortable fortunes van-
ish from the grasp of young men and women before they
had realized the value of money.   He fixed the age of 36
as a safe period at which to release his land to his chil-
dren, even though they might still be unmarried.   But he
seems to have considered the marriage of his children
and the bringing of children into the world by them as a
substitute for reaching the age of 36 years.

Paragraph 13 of the will settles the question of the
vesting of the entire beneficial interest in and to the
estate and the property devised in trust.   Testator clear-
ly intended by the paragraph to reveal that the marriage
of his children should shut off all possibility of a re-
version of his devise.   The only way that any devisee
might lose his or her share that had been devised to John
Majerus in trust for him or her was to die, "not having
been married and leaving no issue, and before reaching
the age of 36 years."   This possibility the trial court has
found not to exist, and the trial court has also found that
there is no reason that would justify the court in restrain-
ing the alienation of the lands in question.

It is true that testator did not state in exact words that
the marriage before arriving at the age of 36 years would
terminate the trust, but the using of exact words might
have defeated the very purpose he had in mind.   It would
be easy for any of the children to have married for the
purpose of obtaining title to his or her land, and, after
wasting the proceeds, the purpose of such marriage would
be accomplished and the relation probably terminate.
Testator gave to his two children who were married at
the time of making his will their share without restric-

tion. In fact, to his daughter, Mary Sullivan, he had deeded and delivered her portion before his death, though she was under the age of 36 years, but married, and the mother of children. To John, the trustee, he devised absolutely while John was but 30 years of age. There seems no question as to testator's intention to devise to all of his children absolutely, merely putting a restraint on the alienation until the object of his devise should become settled in life. If there was any possibility of any devise being defeated by any contingency, the court would have no right to terminate the trust and order the deeds, but by the language of the will the marriage of the devisee has given to each the right to the unhampered enjoyment of the same. *Bennett v. Chapin,* 77 Mich. 526; *Simmons v. Northwestern Trust Co.,* 136 Minn. 357.

From a consideration of all the circumstances, and the language of the will, we find that the judgment of the trial court should be affirmed, and the decree entered therein is

AFFIRMED.