## SAMUEL ZUCKMAN v. JOHN A. FREIERMUTH AND OTHERS.[1]

June 21, 1946.

No. 34,141.

[1]Reported in 23 N. W. (2d) 541.

*Hugo Hendricks,* for appellants.
*Jerome Hoffmann* and *Joseph M. Donahue,* for respondent.

MAGNEY, JUSTICE.

Plaintiff has operated the Mounds Theater in the city of St. Paul since 1929. On July 19, 1934, a new lease was entered into for a term of ten years commencing March 1, 1935, and terminating February 28, 1945, at a rental increasing from $250 per month to $325 per month for the last two and a half years. The lease was signed by John A. Freiermuth, Clara M. Reilly, George M. Kopp, as individual, and George M. Kopp, as trustee of the estate of Mary Kopp, deceased, as lessors and plaintiff as lessee. In addition to the usual provisions, the lease provided that lessee pay one-half the increase in the real estate taxes over $619 per year; that he keep all the personal property contained in the premises insured against loss by fire to the extent of 80 percent of the value thereof; that within six months of the date of the lease he install and furnish the theater with a complete and modern cooling system, reconstruct the chairs, paint and decorate the theater inside and out; and that all the chairs, motion and sound machines, cooling system, or any of the theatrical equipment installed by lessee during the term of the lease become the property of lessors at its expiration.

Plaintiff claims that in 1937 he was given an oral five-year extension of this lease. Defendants deny his claim. The court found for plaintiff, and defendants appeal from the judgment.

As has been stated, the 1934 lease contained a provision requiring that within six months from the date of the lease, that is, within six months from July 19, 1934, the lessee install in and furnish the theater with a complete and modern cooling system. Within the time so designated, plaintiff did install in and furnish the theater with a cooling system. The evidence supports the finding of the court that the system installed was complete and modern. Later

on, plaintiff desired to drill an artesian well on the premises in order that the theater might be cooled to a lower degree than could be done by city water and "wouldn't cause so much moisture in the air." He approached defendant Freiermuth, a one-half owner of the premises, in the fall of 1936 and in the early part of 1937 relative to this matter. As the new installation would run into a large expenditure, estimated by plaintiff at $4,000, he asked Freiermuth for a five-year extension of the lease beginning at the expiration of the ten-year term. Freiermuth inquired as to the cost of the new well and other details. Finally, Freiermuth said he would grant the requested extension if George Kopp would agree to it. Kopp's interest in the premises will appear later. The understanding between plaintiff and Freiermuth was that plaintiff would pay for the installation, that the lessors would become the owners of it, that the lease would be extended for five years, and that the rent would be $325 per month plus half the tax, if any, over $619. After having made this arrangement with Freiermuth, plaintiff spoke to Kopp about it. Kopp said he would have to talk to Freiermuth first before he would commit himself. Kopp spoke to Freiermuth. Thereupon Kopp advised plaintiff that the five-year extension would be acceptable to him provided the well were installed and paid for and that it would "belong to the building." Freiermuth admits that plaintiff spoke to him about the proposed well and his request for a five-year extension, but denies that he agreed to the proposal, claiming that plaintiff's agreement in the 1934 lease to install a modern cooling system included the drilling of a well. The well was installed. Taking the evidence most favorable to plaintiff, as we must, it amply supports plaintiff's claim that, in consideration of his installation of and payment for the artesian well, Freiermuth and Kopp agreed to a five-year extension of the lease. There can be no question that at least a seven-eighths' interest in the property was bound by the agreement of extension. Plaintiff claims that, in reliance on the promised extension of the lease, in 1943 and 1944 he also installed new projection lamps at a cost of about $1,500 and new seats and a roof.

Since one of the issues in the case centers on the status of the title and control of the premises in 1937, when the claimed extension was given, it becomes necessary to make an examination of the same. One Mary A. Kopp at the time of her death in 1931 was the owner of an undivided one-half interest in the premises here involved. John A. Freiermuth, one of the defendants, was the owner of the other undivided one-half interest. Mary A. Kopp's will was probated. A final decree was entered in 1933. She devised one-half of her interest in the property to her son George M. Kopp in trust to pay the income of said one-half interest to Clara M. Reilly, a daughter, until she should arrive at the age of 50, at which time the trust was to terminate and the funds or property were to be turned over to said Clara M. Reilly. Mary A. Kopp devised the other one-half of her interest in this property also to George M. Kopp in trust to pay a certain amount of the income therefrom to Theodore H. Kopp, another son, until he should arrive at the age of 55, at which time the trust was to terminate and the funds were to be turned over to said Theodore H. Kopp. The will further provided that in the event that Theodore H. Kopp should die before he reached the age of 55 the trustee was to pay to Clara M. Reilly and George M. Kopp such trust funds as remained in the trust, share and share alike. Theodore H. Kopp died June 11, 1932, unmarried. Clara M. Reilly and George M. Kopp were his only heirs at law. George M. Kopp died April 23, 1939. He made his last accounting directly to Clara M. Reilly on March 1, 1937, covering the administration of his trusteeship up to that date. The trust was never set up in the district court. George M. Kopp assumed his duties as trustee and during the whole period acted as such without the supervision of the court. However, after the death of George M. Kopp and on September 22, 1939, Clara M. Reilly petitioned the district court for an order directing Irene Kennedy Kopp, the widow of George M. Kopp and the administratrix of his estate, to make an accounting of the trust estate. The court made the requested order, and the accounting was had. The court allowed the account of the deceased trustee's representative and appointed

a successor trustee. Thus it appears that at the time of the claimed extension of the lease in 1937 John A. Freiermuth was the owner of an undivided one-half interest in the premises, George M. Kopp was the owner of an undivided one-quarter interest in trust, George M. Kopp, as an individual was the owner of a one-eighth interest, and Clara M. Reilly was the owner of a one-eighth interest. Although Theodore H. Kopp had died in 1932 and the will provided that in case of his death before he reached the age of 55 the trustee should pay to Clara M. Reilly and George M. Kopp such trust funds as remained, share and share alike, George M. Kopp continued to act as trustee of this interest until his death in 1939. Defendants claim that, as Clara M. Reilly was the owner of an undivided one-eighth interest in the property as a result of the death of Theodore H. Kopp, her consent to an extension of the lease was required, and that, since she gave no such consent, the extension, assuming that it was agreed to by Freiermuth and George M. Kopp, was invalid and of no legal effect. Plaintiff claims that, since George M. Kopp continued to act as trustee after Theodore's death, his agreement with plaintiff to grant an extension of the lease was binding upon Clara M. Reilly.

■ When Theodore H. Kopp died in 1932, the trusteeship as to the one-quarter interest in the property in which he was the beneficiary terminated. The fact that George M. Kopp continued to act as trustee over this interest and handled the property in the same manner as he did during the lifetime of Theodore H. Kopp and made no final accounting of his administration of this interest does not alter the fact that his trusteeship over this interest had terminated. The general rule is stated in 54 Am. Jur., Trusts, § 85, as follows:

"In the case of an active trust for life and on the death of the life beneficiary to make title to a remainderman, the trust is executed, on the death of the life beneficiary, into a legal estate in the remainderman without the necessity of a conveyance from

the trustee, or the trust is executed into a legal estate in the grantee of the remainderman."

And in 54 Am. Jur., Trusts, § 98, it is stated:

"* * * Indeed, even where the Statute of Uses is not applicable to a trust, termination of its purposes, resulting in termination of the trust, terminates the title and estate of the trustee, and the whole property, both legal and equitable, is vested in the person or persons entitled to it, even though it remains for the trustee to execute a conveyance or turn over possession of the trust property to them."

■ When the ten-year lease, which Clara signed together with George M. Kopp, the trustee, and Freiermuth, was entered into, plaintiff had no negotiations with Clara. He dealt exclusively with George M. Kopp and Freiermuth. The former negotiated for Clara's interest. From the time of the signing of that lease until the claimed agreement for the five-year extension, plaintiff had all his dealings with George relative to the one-half interest in the property. No distinction was made between the handling of Clara's one-eighth interest and the one-quarter interest in the property of which she was the beneficiary and George the trustee. Clara permitted this method of handling the business. While George was at Glen Lake Sanitorium for a period of several years, Clara received checks from plaintiff for the rent of the one-half interest in the premises and deposited them to the credit of George, who would issue checks against the account.

George's business prior to his illness was the management of properties. Among others, he managed those of the Hamm Brewing Company in St. Paul and of the Loeb Arcade in Minneapolis. During his stay at the sanitorium, he looked after some houses and a business establishment across the street from the theater, as well as the theater itself. After his discharge from the sanitorium, he checked the maintenance of the property, going up to the theater every two weeks.

Instead of receiving from George Kopp as trustee the share of Theodore at the time of the latter's death, Clara consented that he continue to hold it as trustee and actively coöperated with him in executing the trust by collecting the rents due for the undivided one-half interest in the property originally assigned to him as trustee. Plaintiff would give her checks for the rent payable to George. In her petition for a judicial accounting against George M. Kopp's personal representative after his death, she alleged that until his death in 1939 he acted and performed the duties of trustee of the entire one-half of the property assigned to him. This included Theodore's share. Upon her petition, her husband, Philip J. Reilly, was appointed successor trustee. As such, he managed the share of Theodore now in question as part of the trust estate. Clara gave plaintiff every reason to believe that George was handling all the affairs of the one-half interest in the property. There is nothing in the record to indicate that plaintiff knew the provisions of the Mary A. Kopp will, or the trusts created by it, or the status of the title. Furthermore, Clara must have known of the installation of the first cooling system, as well as the drilling of the well later on. She could see that the latter was an expensive undertaking. She lived in the vicinity of the theater. If she had made inquiry as to the drilling of the well the facts would have been disclosed.

We are therefore of the opinion that under the evidence in this case George M. Kopp and Freiermuth granted plaintiff a five-year extension of the lease. Plaintiff made large expenditures on the strength of the promised extension. We are also of the opinion that Clara M. Reilly is estopped to deny the authority of George M. Kopp as trustee to bind her as to an extension of the lease as to her one-eighth interest in the property. It appears to us that it would be inequitable to hold otherwise.

Judgment affirmed.

MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.