Charles L. GOVERN, Jr., Appellant,

v.

June G. HALL, individually, and as trustee of the Trust created by Charles L. Govern, and known as the Revocable Trust of Charles L. Govern, Respondent,

Virginia Yegan, et al., Defendants,

Muriel McNulty, Sienna Corporation, City of Eagan, Respondents.

No. C7-88-918, C6-88-1610.

Court of Appeals of Minnesota.

Nov. 1, 1988.

Review Denied Jan. 9, 1989.

Larry B. Guthrie, John J. Bowden, Lonny D. Thomas, Maun, Green, Hayes, Simon, Johanneson and Brehl, St. Paul, for Charles L. Govern, Jr.

Thomas Tinkham, William J. Berens, Dorsey & Whitney, Minneapolis, for June G. Hall, individually, and as trustee of the Trust created by Charles L. Govern, and known as the Revocable Trust of Charles L. Govern.

Tracy R. Eichhorn–Hicks, Larkin, Hoffman, Daly & Lindgren, Minneapolis, for Sienna Corp.

James F. Sheldon, McMenomy & Severson, Apple Valley, for City of Eagan.

Heard, considered and decided by PARKER, P.J., and NIERENGARTEN and IRVINE,* JJ.

## OPINION

L.J. IRVINE, Acting Judge.

This is an appeal from an order authorizing the sale of real property which is the corpus of a marital and family trust. This case has been consolidated on appeal with a quiet title action brought to determine the ownership of the property. Summary judgment on the quiet title action was

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

granted on the basis of res judicata and collateral estoppel. We affirm in part, reverse in part and remand.

## FACTS

On January 9, 1968, Charles L. Govern, as settlor, executed a trust instrument known as the "Revocable Trust of Charles L. Govern." The revocable trust became irrevocable upon Charles Govern's death on May 4, 1968. The revocable trust consisted of a marital trust and a family trust. The revocable trust provided that if the settlor's wife, Irene Govern, survived the settlor, then the trust estate would be divided and set aside into two separate shares designated as the marital trust and the family trust. June G. Hall, a daughter of settlor Charles Govern, has acted as sole trustee of both trusts since their inception.

The revocable trust instrument provided that both the marital trust and the family trust were to be administered for the benefit of Charles Govern's surviving spouse during her lifetime. The revocable trust authorized Irene Govern to appoint the assets held by the marital trust by exercising a power of appointment through her will. The revocable trust provided:

> *Wife's Power of Appointment* —the settlor's wife *shall have the power to appoint the entire corpus of the trust estate free of this trust by her last will* and testament (express reference to the power being requisite to its exercise in favor of her estate or in favor of any other appointee or appointees whom she may designate) all *in such manner and upon such terms as she may designate.* Such powers shall be exercisable by her alone and in all events.

(Emphasis added).

If Irene Govern did not exercise her Power of Appointment, the marital trust assets would become part of the family trust. The revocable trust provided that upon the death of Irene Govern the family "trust estate * * * shall be distributed absolutely free of trust," equally among the settlor's children.

Irene Govern died in Illinois on October 30, 1983. At the time of her death, the marital trust and the family trust each held an undivided one-half interest in certain real property located in Eagan, Dakota County, Minnesota. Irene Govern's last will and testament, which was admitted to probate court in Illinois and affirmed over the objection of June Hall and her sisters, included a provision whereby Irene Govern exercised her power of appointment. This provision of her will appointed to her son, appellant Charles Govern, Jr., the undivided one-half interest in the property held by the marital trust. The express appointment in Irene Govern's will stated that the undivided one-half interest in the property passed to Charles Jr. "free of the trust."

In September 1986, June G. Hall, as trustee, filed a petition with Dakota County District Court for authority to have the property appraised and for instructions whether the trustee should sell the property. A hearing on the petition was held on October 28, 1986. The trustee did not ask for instructions on distributing the trust assets or partitioning the property. Appellant appeared pro se. At this hearing, the trustee's attorneys explicitly called the district court's attention to the fact that the trusts had terminated and that the assets were distributable five-eighths to appellant and one-eighth to each of the other beneficiaries. June Hall testified that the trusts had received a notice of special assessments in the amount of $79,366.38 relating to the subject property, that the marital trust was indebted to the family trust in the amount of $26,701.87 and that both trusts were indebted to their lawyers for legal fees. She further testified that there were no cash assets available in the trusts to satisfy these obligations and that it was advisable for the subject property to be sold.

By a December 1, 1986 order, the trial court specifically found as a fact that each of the trusts included an undivided one-half interest in the subject property. This order instructed the trustee to have the property appraised and authorized the trustee to sell the property only after obtaining approval of such sale from the court after further hearing.

In January 1988, June Hall petitioned the district court for an order authorizing the sale of the property to Sienna Corporation in accordance with the prior order of December 1986. A hearing on the petition was held on March 14, 1988. Appellant appeared pro se at this hearing and objected to the inadequacy of the appraisal and the terms of the proposed sale. He also claimed that the land in the marital trust was his and that the trustee had no authority to sell it.

In an order dated March 23, 1988, the trial court found each of the trusts owned an undivided one-half interest in the property. The trial court also found that it was in the best interest of the trusts and the beneficiaries that the property be sold to the Sienna Corporation and ordered the trustee to complete the sale. The trial court made no finding that the Power of Appointment had been exercised, or that appellant now was entitled to the marital trust assets. This order was appealed.

In May 1988, appellant commenced a quiet title action against the trustee, the other beneficiaries in the family trust, Sienna Corporation, and the City of Eagan. The quiet title action sought to establish that appellant individually owned, at the very least, an undivided one-half interest in the entire property free and clear of the marital trust. Appellant also sought to partition the property. Appellant alternatively asked that if partition could not be accomplished, that the subject property be sold and the net proceeds be distributed to the beneficiaries in proportion to the interest in their trust.

The trial court granted the trustee's motion for summary judgment on the basis that appellant's claims were barred by res judicata and collateral estoppel. Appellant also appealed from this judgment. The quiet title action has been consolidated with the trust action on appeal.

## ISSUES

1. Did the trustee have authority to sell, and did the trial court have jurisdiction to order the sale of, the subject property previously held by the marital trust?

2. Is the quiet title action barred by res judicata and collateral estoppel?

## ANALYSIS

1. Appellant claims that the trial court had no authority to order the marital trust assets be sold and that the trustee lacked any authority to sell the trust property, arguing that the trust terminated when Irene Govern died and that by operation of law, title to the marital trust property vested in him. Appellant further claims that the trial court had no jurisdiction and the trustee had no authority over the marital trust assets, because Irene Govern's will stated that the marital trust property was to pass to appellant "free of the trust."

The proceeding to sell the property was initiated by the trustee under Minn.Stat. § 501.35 (1986). This section provides that a trustee may petition the court for instructions. The statute further provides that any order shall be final and conclusive as to all matters determined by it and binding in rem upon the trust estate and upon the interest of all beneficiaries.

It is quite clear that the trust terminates when the purpose of the trust has been fully accomplished or by a fixed date in the trust. *Simmons v. Northwestern Trust Co.*, 136 Minn. 357, 359–60, 162 N.W. 450, 451 (1917). Bogert, *Trusts and Trustees*, § 996 (Revised edition 1983). In the present case, the marital trust, therefore, terminated by the express language of the revocable trust when Irene Govern died on October 30, 1983.

Although the trust was terminated by exercise of the power of appointment, the trust continues for a reasonable time during which the trustee has the power to perform acts necessary to wind up the trust. *A Trust created under agreement with McLaughlin*, 361 N.W.2d 43, 46 (Minn.1985) (citing Bogert, *Trusts and Trustees*, § 1010 (Revised edition 1983)). The trust remains, although terminated, until all interests in the trust have been ascertained and a final accounting made and all trust proceeds distributed "in fact." *See McLaughlin*, 361 N.W.2d at 46. Be-

cause the property remained in the trust, the court retained jurisdiction over the trust assets. Minn.Stat. §§ 501.35, 501.38 (1986).

■ While the trust remains in effect, and the trustee has power over the trust to perform necessary acts to wind up the trust, it is clear to us that selling the trust property exceeds what is considered "winding up" the trust. Winding up the trust may include selling real estate pursuant to a direction to sell or in exercise of the trustee's discretion to distribute fully or partially in cash. Bogert, § 1010. In this case, there is no express direction in this revocable trust that the property should be sold before distribution. The question is whether the trustee could sell the property by terms reasonably implied from the trust instrument.

This court should construe the language of the trust so as to ascertain the intent of the settlor. *McLaughlin*, 361 N.W.2d at 44. Courts in Minnesota should not contravene the express intent of a settlor of the trust if it is not inconsistent with the rules of law. *In re Ordean's Will*, 195 Minn. 120, 261 N.W. 706 (1935); *In re Butler's Trust*, 223 Minn. 196, 26 N.W.2d 204 (1947). The express intent of the settlor in this case was that Irene Govern was to appoint the marital trust assets through her will to whomever she desired and at her discretion free of the trust.

It is undisputed by the parties that Irene Govern exercised her power of appointment by will, thereby giving Charles Govern right to all assets previously held by the marital trust. By the exercise of the power of appointment, Charles Govern, Jr. now had a right to the property by the marital trust, including a one-half interest of the subject real estate. *See* Minn.Stat. § 502.72 (1986) (a will appointing real property is a devise); Minn.Stat. § 524.1–201(7) (1986) (a devise is a testamentary disposition of real property). The family trust still held the other one-half interest in the subject real estate.

■ Although appellant received the right to the trust property by Irene Govern's will, he could gain title to property held in trust only by the instrument which created the power, namely the revocable trust. Thompson, *Real Property*, § 2027 (1979). The trust property was not distributed as part of Irene Govern's estate, because she had only a power of appointment over the trust assets in the trust created by Charles Govern. *See id.* Although Charles Govern, Jr. had equitable title to the marital trust property at the termination of this trust by the exercise of the power of appointment, it remains for the trustee to execute a conveyance or turn over possession of the trust property to appellant. *Zuckman v. Freiermuth*, 222 Minn. 172, 176, 23 N.W.2d 541, 543 (1946); Minn.Stat. §§ 501.17, 501.18 (1986). There is further authority that when there is a passive trust, title passes to those entitled and the trustee merely has a duty to deliver possession to them. Bogert, § 1010; *Jones Will*, 306 N.Y. 197, 117 N.E.2d 250 (1954) (where a trust terminated with real estate in the corpus, title vested immediately with remainderman).

The authority for selling real estate as part of winding up a trust does not apply in the present case where there is a direction to give the property to a beneficiary. The trial court had no authority to issue an order giving the trustee power which the trustee would not otherwise have.

■ While the trial court's order directly contravenes the express intent of both Irene Govern and Charles Govern, the court did not believe that partition of the real estate in kind was feasible. However, this was not an action for partition brought by the fee holders of the property; rather, it was a petition by the trustee to sell the trust assets. Whether partition of the property was feasible should not have been decided at this time, but should have been decided after the trust assets were conveyed pursuant to the terms of the trust and the power of appointment.

We remand this issue to the trial court with instructions to order the trustee to issue a deed to Charles Govern, Jr. for the share of real estate previously held by the marital trust, subject to any liens and en-

cumbrances which may subsequently be proved. We leave to the trial court's discretion the decision to either order distribution of the share of the real estate held by the family trust, or to wind up the family trust in some other manner.

2. The trial court held that appellant's quiet title action, brought after the court's order authorizing trustee to sell the property, was barred by principles of res judicata and collateral estoppel. Appellant claims that title to the property was not determined in the trust proceeding and therefore the quiet title action is proper.

Final orders in trust proceedings act as judgments and bar the relitigation of decided issues. *In Re Melgaard's Will*, 200 Minn. 493, 274 N.W. 641 (1937). The issues which are given res judicata effect in a trust proceeding are the issues framed by the pleadings, the petition and any objections thereto. *In re Enger's Will*, 225 Minn. 229, 238–39, 30 N.W.2d 694, 701 (1948).

Because we believe the title to the subject real estate is capable of being settled in the trust action, we affirm the dismissal of appellant's quiet title action on the basis of res judicata. The issuance of the deed to appellant conveying one-half interest in the entire real estate to him resolves the issue of title to the share of the property previously held by the marital trust.

The trial court must also make a finding in distributing the family trust, or in partitioning the property, that Virginia Yegan, Muriel McNulty, June Hall, and Charles Govern, Jr. each own a one-quarter interest in the family trust and thus, a one-eighth interest in the subject real estate. When the deed is issued and these findings made, then it is clear that the quiet title action will be barred by the principles of res judicata and collateral estoppel, because the trust action will have determined who has a true interest in the title to the subject real estate.

## DECISION

The trial court erred in ordering that the property be sold by the trustee. After the

trust deed is issued, the quiet title action will be subject to dismissal due to res judicata. We remand for proceedings in accord with this opinion.

Affirmed in part, reversed in part and remanded.