T.C. Memo. 1996-434

UNITED STATES TAX COURT

ESTATE OF IRENE H. GOVERN, DECEASED, REVOCABLE TRUST OF
CHARLES L. GOVERN, SR., TRANSFEREE, JUNE G. HALL,
TRUSTEE AND TRANSFEREE, JUNE G. HALL, TRANSFEREE OF
TRANSFEREE, MURIEL MCNULTY, TRANSFEREE OF TRANSFEREE,
AND VIRGINIA YEGEN, TRANSFEREE OF TRANSFEREE,
Petitioners v. COMMISSIONER OF INTERNAL REVENUE,
Respondent

Docket No. 17987-93.          Filed September 24, 1996.

Sue Ann Nelson and Tracy M. Smith, for petitioners.

John Schmittdiel, for respondent.

MEMORANDUM OPINION

HAMBLEN, Judge:  Respondent determined that June G. Hall
(petitioner) is liable as trustee and transferee of the revocable
trust of Charles L. Govern, Sr., and as transferee of the estate

of Irene H. Govern for a deficiency in estate tax in the amount of $285,850 and for an addition to tax under section 6651(a)(1) in the amount of $71,463. Respondent, by means of separate notices of transferee liability, further determined that petitioner, Virginia Yegen, and Muriel McNulty are liable as transferees of a transferee regarding the estate of Irene H. Govern each in the amount of $161,969.88.

Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the sole issue for decision is whether petitioner is liable as transferee and trustee under section 6324(a)(2) for unpaid Federal estate tax deficiencies due from the estate of Irene H. Govern.

## Background

This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated by this reference, and the facts contained therein are found accordingly. Petitioner, trustee of the revocable trust of Charles L. Govern, Sr., resided in Eagan, Minnesota, at the time the petition was filed in this case.

---

[1]Respondent has conceded that petitioners June G. Hall, Muriel McNulty, and Virginia Yegen are not liable as transferees of a transferee (or as successive transferees) for any deficiency in Federal estate tax or addition to tax owed by the estate of Irene H. Govern.

Irene H. Govern (decedent) died on October 30, 1983, survived by four adult children: Petitioner, Muriel McNulty, Virginia Yegen, and Charles L. Govern II (also known as Charles L. Govern, Jr.). Decedent died testate in, and while a resident of, the State of Illinois.

Decedent's will provided at paragraph 3 as follows:

> 3. I give all my personal and household effects, automobiles and collections, and any insurance policies thereon, all real estate, bank accounts, stocks and bonds, and all assets whatsoever and wherever situated to my son, Charles L. Govern, II. In addition to the above, I hold a general power of appointment over the principal and undistributed income of the "Marital Trust" created by the "Revocable Trust of Charles L. Govern, and article 5 of the Last Will of my late husband, Charles L. Govern, both of which are dated January 9, 1968. I hereby elect to exercise such power of appointment and in the exercise thereof direct that all property remaining in said "Marital Trust" at the time of my death (including any undistributed income) shall be paid over and distributed to my son, Charles L. Govern, II.
>
> I have made no provision for my other three children, Virginia Govern Yegen, Muriel Govern Cardwell McNulty, or June Govern Hall in this Will, and it is my intention that they receive no part of my Estate.
>
> If my son, Charles L. Govern, II does not survive me my entire Estate, including any property over which I may have power of appointment at my death, I give to the decedants [sic] of my son, Charles L. Govern, II, per stirpes.

The revocable trust of Charles L. Govern, Sr. (Revocable Trust), was established by the trust instrument dated January 9, 1968. Charles L. Govern, Sr., was decedent's husband and died on May 4, 1968. The Revocable Trust provided for the division of

Charles L. Govern, Sr.'s trust estate into two separate trusts, the Marital Trust and the Family Trust. The Revocable Trust instrument provided, in pertinent part, the following directions with regard to the general power of appointment over the principal and undistributed income of the Marital Trust:

> 10. <u>Concerning the Marital Trust</u> - The <u>Marital Trust</u> shall commence at the date of the settlor's death and the trust estate thereof shall be held and disposed as follows:

> \* \* \* \* \* \* \*

> (b) <u>Wife's Power of Appointment</u> - The settlor's wife shall have the power to appoint the entire corpus of the trust estate free of this trust by her last will and testament (express reference to the power being requisite to its exercise) in favor of her estate or in favor of any other appointee or appointees whom she may designate, all in such manner and upon such terms as she may designate. Such power shall be exercisable by her alone and in all events.

Petitioner was the appointed trustee of the Revocable Trust, and the subsequently created Marital Trust and the Family Trust.

At the time of Charles Govern, Sr.'s death, the assets held by the Revocable Trust included 91.36 acres of unimproved land, subject to various easements, in Eagan, Minnesota (Eagan real estate). At the time of decedent's death, the only asset held by the Marital Trust was a one-half undivided interest in the Eagan real estate. The one-half undivided interest had a fair market value of $412,500. The Marital Trust has issued promissory notes

to the Family Trust equal to $26,702 and to Muriel McNulty equal to $2,500.

Upon decedent's death, pursuant to the Marital Trust agreement, petitioner did not have authority to make discretionary distributions of the Marital Trust property. The Marital Trust agreement provided that in the event that the settlor's wife did not exercise the above power of appointment, the Marital Trust property would become part of the Family Trust.

Charles L. Govern II, decedent's son, was appointed as executor of decedent's estate, on January 9, 1984. Petitioner's legal counsel made at least three requests of Charles L. Govern II, the executor of decedent's estate, and his attorneys to file a Federal estate tax return for the estate. On or about May 30, 1990, petitioner, as "trustee of the Marital Trust under the Revocable Trust of Charles L. Govern", ultimately filed the Federal estate tax return for decedent's estate, Form 706, as the executor "in fact" pursuant to section 2203 and section 20.6018-2, Estate Tax Regs. The executor of decedent's estate never filed a Federal estate tax return.

Petitioner attached to the estate tax return her affidavit explaining that despite her request, her brother, Charles L. Govern II, the appointed executor of decedent's estate, had not, to her knowledge, filed a Federal estate tax return for the estate. Accordingly, she, pursuant to section 20.6018-2, Estate Tax Regs., was filing the Federal estate tax return as the

trustee in possession of the Marital Trust property that was includable in decedent's gross estate. The affidavit further states that decedent pursuant to her last will has exercised her general testamentary power of appointment over the Marital Trust by appointing all of the trust assets to Charles L. Govern II. Petitioner acknowledged that the assets of the Marital Trust, consisting of the Eagan real estate, had not yet been distributed to Charles L. Govern and that she continued to hold legal title thereto in her capacity as trustee. Petitioner said that she expected that on or about May 30, 1990, she would be directed by the District Court of Dakota County, Minnesota, to issue a deed to Charles L. Govern, Jr., for an undivided one-half interest in the Eagan real estate.

The Federal estate tax return filed by petitioner contained certain appraisal information relating to the Eagan real estate and identified decedent's power of appointment over the Marital Trust but did not ascribe a value to the real estate and expressly disclaimed knowledge of other assets held by decedent's estate.

On July 8, 1991, the District Court, County of Dakota, State of Minnesota issued an order requiring petitioner, as trustee of the Marital Trust and Family Trust, to:

> execute and deliver to Charles L. Govern, Jr. [sic], a deed for an undivided five-eighths interest in the subject property [the Eagan real estate], subject to mortgages and encumbrances, and shall execute and deliver a deed for an undivided one-eighth interest in

the subject property to each of Virginia Yegen, Muriel McNulty and June G. Hall, subject to mortgages and encumbrances, and shall assign and deliver to Charles L. Govern, Jr., any and all other assets of the Marital Trust and shall assign and deliver to Charles L. Govern, Jr., Virginia Yegen, Muriel McNulty and June G. Hall in equal shares, any and all other assets of the Family Trust.

The district court order further provided:

Upon effecting distribution pursuant to this order, the Trustee will have properly and fully performed all of the duties, obligations, discretions and responsibilities placed upon her by the trust instrument, by the statutes and laws of the State of Minnesota and by orders of this Court with respect to the Marital Trust and Family Trust; and she shall thereupon be, and she hereby is, without further order of this Court, discharged as Trustee in the above-entitled matter and released from any further liability and responsibility with respect to her administration and distribution of the Marital Trust and Family Trust.

By deed dated February 13, 1992, petitioner as trustee of the Marital Trust and Family Trust conveyed undivided one-eighth interests in the Eagan real estate to herself, Muriel McNulty, and Virginia Yegen, from the Family Trust, and an undivided five-eighths interest in the Eagan real estate to Charles L. Govern II, which consisted of an undivided one-half interest in the Eagan real estate from the Marital Trust and an undivided one-eighth interest in the Eagan real estate from the Family Trust.

There is a deficiency in estate tax of $12,321 and an addition to tax under the provisions of section 6651(a) for $3,080 due from decedent's estate.[2]  As of June 14, 1995, no

---

[2]In Estate of Govern v. Commissisoner, docket No. 17565-93, (continued...)

Federal estate tax or addition to tax had been paid by or for the account of decedent's estate. Both decedent's estate and the Marital Trust are insolvent as all assets of decedent's estate, including the Marital Trust assets, have been distributed to Charles L. Govern II.

## Discussion

### I. Liability Under Section 6324(a)(2)

Section 6901(a)[3] establishes a procedure for the assessment and collection by the Commissioner of unpaid Federal income, estate, or gift tax liability from a transferee. Section 6901 does not create or define a transferee's substantive tax liability, and the substantive basis for the assertion of transferee liability under section 6901 must generally be found

---

[2](...continued)
we entered a stipulated decision on Aug. 1, 1995, that resolved the amount of the underlying deficiency in estate tax and addition to tax due from decedent's estate.

[3]Sec. 6901(a) provides, in pertinent part:

SEC. 6901(a). Method of Collection.--The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred:

(1) Income, estate, and gift taxes.--

* * * * * * *

(ii) of a decedent in the case of a tax imposed by chapter 11 (relating to estate taxes), or

in applicable State law.  <u>Commissioner v. Stern</u>, 357 U.S. 39, 45 (1958) (interpreting section 311 of the Internal Revenue Code of 1954, a predecessor to section 6901).  However, section 6901(h) defines the term "transferee" to include a "donee, heir, legatee, devisee, and distributee, and with respect to estate taxes, also includes any person who, under section 6324(a)(2), is personally liable for any part of such tax."  Sec. 6901(h); sec. 301.6901-1(b), Proced. & Admin. Regs.  The Commissioner has the burden of proving the elements necessary to establish a taxpayer's liability as a transferee of property of a decedent's estate, but the Commissioner does not have the burden to establish the amount of the liability of the transferor.  Sec. 6902(a);[4] Rule 142(d). If the Commissioner meets the burden of proof, the transferee is liable for the transferor's estate tax to the extent of the value of the assets transferred.

Respondent has conceded that petitioner is not a "donee, heir, devisee, [or] distributee" of decedent or decedent's estate, and all the assets of decedent's estate ultimately were transferred and distributed to Charles L. Govern II, decedent's son.  Accordingly, to successfully assert transferee liability

---

[4]SEC. 6902.  PROVISIONS OF SPECIAL APPLICATION TO
            TRANSFEREES.

    (a) Burden of Proof.--In proceedings before the Tax Court the burden of proof shall be upon the Secretary to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show the taxpayer was liable for the tax.

against petitioner, respondent must prove that petitioner is a "person who, under section 6324(a)(2), is personally liable for any part of such tax." Sec. 6901(h); sec. 301.6901-1(b); Proced. & Admin. Regs.

Section 6324(a)(2) provides in pertinent part:

> (2) Liability of transferees and others.-- If the estate tax imposed by chapter 11 is not paid when due, then the spouse, transferee, <u>trustee</u> * * * , surviving tenant, person in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiary, who receives, or<u> has on the date of the decedent's death, property included in the gross estate under sections 2034 to 2042</u>, inclusive, <u>to the extent of the value, at the time of the decedent's death</u>, of such property, <u>shall be personally liable for such tax</u>. * * * [Emphasis added.]

Petitioner makes the following arguments why section 6324(a)(2) does not impose personal liability upon her: (1) Petitioner asserts that the question of whether she "had" property for purposes of section 6324(a)(2) is properly a question of State law; (2) petitioner contends that she is not a transferee because upon decedent's death, the Marital Trust property passed "free and clear" of such trust; (3) petitioner maintains that because the Minnesota Court of Appeals in <u>Govern v. Hall</u>, 430 N.W.2d 874, 877 (Minn. Ct. App. 1988), held that the Marital Trust "terminated" upon decedent's death, she was never a person in possession of property included in decedent's estate; and (4) petitioner claims that because she was bound to distribute the trust assets according to the Marital Trust

agreement, she cannot be held liable for failing to ensure the payment of applicable Federal estate taxes arising from the inclusion of the Marital Trust assets in decedent's gross estate.

The question of whether petitioner, as trustee, "had", at the time of decedent's death, property included in the gross estate is not, as petitioner asserts, dependent on State law. The liability under section 6324(a)(2) for unpaid Federal estate tax is conditioned on the inclusion of property, the Marital Trust assets, in decedent's gross estate under sections 2034 to 2041, inclusive. The parties agree that decedent held a general power of appointment over the Marital Trust property and, consequently, the Marital Trust property was includable in decedent's gross estate under section 2041. Section 6324(a)(2) provides for the substantive liability of a trustee and similarly situated persons and does not depend on the anomalies of State law. See Schuster v. Commissioner, 312 F.2d 311, 315 (9th Cir. 1962) (interpreting section 827(b) of the Internal Revenue Code of 1939, a predecessor to section 6324(a)(2)), affg. 32 T.C. 998, and revg. First Western Bank & Trust Co. v. Commissioner, 32 T.C. 1017 (1959); Estate of Whittle v. Commissioner, 97 T.C. 362, 367 (1991), affd. 994 F.2d 379 (7th Cir. 1993); Groetzinger v. Commissioner, 69 T.C. 309, 316 (1977); Magill v. Commissioner, T.C. Memo. 1982-148, affd. sub nom. Berliant v. Commissioner, 729 F.2d 496 (7th Cir. 1984); Peterson v. Commissioner, T.C. Memo. 1972-65; cf. sec. 6901(h). The liability imposed by section

6324(a)(2) is in the nature of a direct and primary obligation created by Federal statute. Groetzinger v. Commissioner, supra at 314.

First, petitioner asserts that the Marital Trust assets "passed free of the trust" when decedent exercised her general power of appointment. Second, petitioner asserts that the Marital Trust was terminated on decedent's death (rather than created on decedent's death), and petitioner was relieved of possession (rather than came into possession) of the Marital Trust property on decedent's death by the exercise of the power of appointment.

Decedent's estate's exercise of the power of appointment did not automatically dissolve the trust or vest the ownership of the trust property in Charles L. Govern II, the appointee. A trust continues for a reasonable period during which the trustee has the power to perform necessary acts to wind up the affairs of the trust. Govern v. Hall, supra at 877 (citing In re McLaughlin's Trust, 361 N.W.2d 43, 46 (Minn. 1985)); Bogert, Trust & Trustees, sec. 1010, at 448 (2d ed. 1983). Petitioner acted in her capacity as trustee of the Marital Trust property for several years after decedent's death. Although decedent died in October of 1983, petitioner did not execute and deliver a deed conveying the Marital Trust property to Charles L. Govern II, the appointee, until February of 1992. Moreover, petitioner filed decedent's estate's Federal estate tax return, in which she

stated that she was the legal trustee of the Marital Trust and that she was the trustee in possession of the Marital Trust property. As a necessary part of winding up the affairs of the Marital Trust, petitioner should have paid, or sought permission from the State court to pay, decedent's estate's unpaid Federal estate tax liability that resulted from the inclusion of the Marital Trust property in decedent's gross estate.

Petitioner's contention that transferee liability under section 6324(a)(2) cannot apply to her because she did not have discretionary control or authority over the Marital Trust property as of the date of decedent's death is unsupported by both the statutory language and case law interpreting section 6324. Petitioner acknowledges that she, as trustee, had bare legal title to the Marital Trust property. The liability asserted against petitioner arose while she still held the assets from which to indemnify herself. Petitioner cannot deflect the liability imposed by section 6324(a)(2) by simply claiming that she no longer controls the assets, having distributed them to the beneficiary. Petitioner is not relieved from personal liability under section 6324(a)(2) because the District Court of Dakota County, Minnesota, ordered her to distribute the Marital Trust property to her brother. See, e.g., King v. United States, 379 U.S. 329, 338-339 (1964) (transferee held liable despite the distribution of property pursuant to a bankruptcy court order).

We find that respondent has proved that petitioner was the trustee and person in possession of the Marital Trust property on the date of decedent's death. Furthermore, there is a deficiency in decedent's estate's Federal estate tax for $12,321 and an addition to tax, under the provisions of section 6651(a), for $3,080 due from decedent's estate. Accordingly, pursuant to section 6324(a)(2), petitioner is personally liable, to the extent of the value of the Marital Trust property at the date of decedent's death, for the Federal estate tax, addition to tax, and interest due from decedent's estate. Because the value of the Marital Trust property ($412,500) is far more than the unpaid estate tax deficiency ($12,321) and addition to tax ($3,080), petitioner is liable as transferee for the entire unpaid amount.

Petitioner contends that even if section 6324(a)(2) imposes personal liability upon her, she should be held liable only for the deficiency in decedent's estate's Federal estate tax of $12,321 and not for the addition to tax under the provisions of section 6651(a) for $3,080. We disagree. Once the Commissioner has established transferee liability, the transferee is liable for the transferor's taxes due as of the time of the transfer, as well as interest and any additions to tax, to the extent of the value of the assets transferred. Estate of Glass v. Commissioner, 55 T.C. 543, 575-576 (1970), affd. 453 F.2d 1375 (5th Cir. 1972).

## II.  Equitable Estoppel

Petitioner contends that as a matter of equity, and notwithstanding the provisions of section 6324(a)(2), petitioner should be relieved from personal liability as a transferee for the unpaid Federal estate taxes of decedent's estate.  Petitioner relies upon Schuster v. Commissioner, 312 F.2d 311 (9th Cir. 1962).  In Schuster, a Federal estate tax return was filed for the decedent's estate, but the return failed to include the value of the corpus of a trust in the decedent's gross estate.  The Commissioner audited the estate tax return of the estate and determined, erroneously, that the trust corpus was not taxable.  The results of the audit were relayed to the trustee, which was a bank, by the beneficiary under the trust instrument.  The trustee relied on the Commissioner's mistake that the trust corpus was not includable in decedent's gross estate, and distributed the trust corpus to the beneficiary, the trustee believing that no Federal estate tax was due.  Thereafter, the Commissioner realized the mistake and asserted transferee liability against the beneficiary and the trustee for deficiencies in the estate's Federal estate tax.  The trustee had distributed the trust assets to the beneficiary and did not retain any trust property which was the subject of the deficiency.  Accordingly, any liability of the trustee would have to come out of its own funds and not from the corpus of the trust.  We held that the trustee was liable under section 827(b) of the Internal Revenue Code of 1939, the

predecessor to section 6324(a)(2), for the unpaid Federal estate taxes. The Court of Appeals for the Ninth Circuit did not dispute this Court's determination that the predecessor to section 6324(a)(2) imposed transferee liability on the trustee despite the trustee's having distributed the trust assets; however, the Court of Appeals concluded that equitable estoppel prevented the Commissioner from imposing transferee liability upon the trustee. The court reasoned that it would be grossly unfair to hold the trustee liable as transferee under the predecessor to section 6342(a)(2), especially because it never enjoyed the use of the trust corpus and merely acted in the capacity of a trustee.

Equitable estoppel is to be applied against the government with the utmost caution and restraint. Schuster v. Commissioner, supra at 317. In Estate of Emerson v. Commissioner, 67 T.C. 612, 617-618 (1977), we described the elements necessary to establish equitable estoppel as follows:

> 1) There must be a false representation or wrongful misleading silence; 2) the error must be in a statement of fact and not in an opinion or a statement of law; 3) the person claiming the benefits of estoppel must be ignorant of the true facts; and 4) he must be adversely affected by the acts or statement of the person against whom an estoppel is claimed * * *.

The facts which supported equitable estoppel in Schuster are not present in the record before us. There has been no misrepresentation or misleading silence by respondent regarding the Federal estate tax deficiency or petitioner's liability;

therefore, respondent has not committed any act on which petitioner could have detrimentally relied. Petitioner knew or should have known that there was a potential Federal estate tax liability for the estate. Indeed, petitioner was not ignorant of the true facts in this case. Petitioner's affidavit and her attorney's letters attached to the Federal estate tax return filed by her demonstrate that she was fully aware of her liability as the trustee in possession of Marital Trust property for decedent's estate's unpaid Federal estate tax.

Section 2204 allows fiduciaries other than the "executor" (e.g., the trustee) to apply to the Secretary for a determination as to the amount of the Federal estate taxes for which they may be personally liable and to seek a discharge therefor. Petitioner held the Marital trust property for almost 9 years after decedent's death; however, she never applied to the Secretary for a determination of her liability or the discharge thereof. Moreover, it does not appear from the record that petitioner brought to the attention of the Minnesota court her liability for the Federal estate taxes due.

III.  <u>Conclusion</u>

Under section 6324(a)(2) Congress imposed liability for unpaid Federal estate taxes on a trustee, such as petitioner, who has at the date of a decedent's death, assets included in the decedent's gross estate under sections 2034 to 2042, inclusive,-- in this case, under section 2041.  We conclude that respondent has established that petitioner is personally liable as a trustee of property of decedent's estate pursuant to section 6324(a)(2) for decedent's estate's unpaid Federal estate tax and addition to tax.  We have considered all other arguments made by petitioner and find them to be without merit.

To reflect the foregoing and concessions by the parties,

<u>Decision will be entered under</u>

<u>Rule 155</u>.